(Reap. Dec. 10203)

HURRICANE IMPORT CO. ET AL. *v.* UNITED STATES

Entry No. 914452, etc.

(Decided March 20, 1962)

*Barnes, Richardson & Colburn* for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon stipulation reading as follows:

1. That the merchandise and the issues involved in the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

2. That at the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for

shipment to the United States, were the appraised values, less the amounts marked with an "X" in red ink by the Examiner.

3. That the involved merchandise was entered, or withdrawn from warehouse, for consumption on or after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

4. That the appeals enumerated in the attached Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find export value, as defined in section 402(b), Tariff Act of 1930, as modified by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise involved and that such value, in each case, is the appraised values, less the amounts marked with an "X" in red ink by the examiner.

Judgment will issue accordingly.